ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Enfield Enterprises, Inc. | ) | ASBCA No. 63631 |
| | ) | |
| Under Contract No. GS-07F-012AA | ) | |
| T.O. HDEC032lF0044 | ) | |

APPEARANCE FOR THE APPELLANT:    Casey J. McKinnon, Esq.
    Cohen Seglias Pallas Greenhall & Furman PC
    Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Patrick Vanderpool, Esq.
    Deputy General Counsel
    Betsy Ennis Dulin, Esq.
    Principal Deputy General Counsel
    Lance Locke, Esq.
    Assistant General Counsel
    Defense Commissary Agency
    Fort Gregg-Adams, VA

OPINION BY ADMINISTRATIVE JUDGE MCNULTY ON THE
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government has moved for summary judgment against Enfield Enterprises, Inc.'s (Enfield) claim for increases to materials costs. We grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On August 17, 2021, the government, acting through the Defense Commissary Agency (DeCA), issued a Request for Quotation (RFQ), seeking quotes for a new roof for the San Diego Naval Base Commissary located at 2525 Callagan Hwy, San Diego, California (R4, tab 39 at 1692-1700).[1]

2. The RFQ indicated quotations would be due September 17, 2021 (*id.* at 1693).

---

[1] Page citations are to the PDF file.

3. The RFQ indicated the government was seeking to award a firm, fixed price (FFP) contract (*id.* at 1695).

4. The RFQ also indicated that the awardee would have 180 calendar days from Notice to Proceed to complete the project (*id.* at 1696).

5. The RFQ included contract clauses and San Diego NB Commissary Roof Replacement Specifications RTA 7-15-21, amongst other documents (*id.* at 1699-1700). Of particular interest with respect to this matter, the contract clauses included Federal Acquisition Regulation (FAR) 52.211-10, COMMENCEMENT, PROSECUTION, AND COMPLETION OF WORK (APR 1984), which states:

> The Contractor shall be required to (a) commence work under this contract within 10 calendar days after the date the Contractor receives the notice to proceed, (b) prosecute the work diligently, and (c) complete the entire work ready for use not later than 180 calendar days after Notice to Proceed (NTP).

(R4, tab 4 at 254)

6. The specifications included Section 01020, Notice to Proceed, which indicated the contracting officer would issue a single notice to proceed, which would authorize mobilization, submittal processing, and construction (R4, tab 3 at 107).

7. In response to a question posed by a prospective quoter, the government amended Section 01310 1.1.1 of the specifications to add a Limited Notice to Proceed for material sourcing and submittals. The government advised the intent of the Limited Notice to Proceed was "to allow the contractor time to order and receive materials due to unprecedented delays due to COVID-19. Once materials have been received and mutual coordination has taken place, the Government will issue a Notice to Proceed for the 180 calendar days." (R4, tab 40a at 1912) The questions and answers were incorporated into the RFQ under date of September 7, 2021, as Amendment 01 to the RFQ (R4, tab 40 at 1910). The RFQ required prospective quoters to acknowledge all amendments. (R4, tab 39 at 1699).

8. Under date of September 17, 2021, Enfield submitted its quote (R4, tab 41 at 1914-1930). Enfield's quote acknowledged receipt of Amendment #1 (*id.* at 1915).

9. The government awarded Contract No. GS-07F-012AA to Enfield, effective September 29, 2021 (R4, tab 4 at 250).

10. By letter dated December 17, 2021, the government issued a Limited Notice to Proceed (R4, tab 1 at 45). Material procurement was one of the activities Enfield was expressly authorized to commence (*id.*).

11. By email sent on January 13, 2022, Enfield's project manager, Mr. Jim Marquis, advised the contracting officer that its roofing manufacturer had informed Enfield that material price increases would take effect starting February 1, 2022 (R4, tab 30 at 1539).

12. By letter dated March 30, 2022, Enfield submitted a proposal for increased material prices in the amount of $413,114.18 (R4, tab 1 at 47).

13. The government issued the Notice to Proceed under date of April 7, 2022, with an effective date of April 15, 2022 (R4, tab 1 at 54).

14. Enfield continued to request increased payment for increased material prices and on April 12, 2022, DeCA sent an email to Enfield stating that it had no authority to increase the price due to the fact that it was a firm fixed price contract (R4, tab 33 at 1577).

15. Enfield submitted its claim, in the amount of $452,108.31 by letter dated October 6, 2022 (R4, tab 2 at 78). Not including the statutory certification language and attached documents, it is four sentences long. The closest thing in the claim to an explanation of the basis for entitlement is its first sentence, which states: "The following is a Certified Claim for the costs associated with material price escalations that resulted between the referenced contract award date of 9/29/21 and the material delivery date of 4/15/2022" (*id.*). Other than documentation supporting the claimed cost elements, no further explanation or basis for the claim is provided. The amount claimed was calculated as follows:

| Description | | Rate | Total |
|---|---|---|---|
| Subcontractor Material Escalation | | | $359,134.21 |
| | | Subtotal | $359,134.21 |
| | Insurance | 2% | $7,182.68 |
| | Overhead | 10% | $36,631.69 |
| | Profit | 10% | $40,294.86 |
| | Bond | 2% | $8,864.87 |
| | | Total | $452,108.31 |

(*Id* at 79)

3

16. The claim was denied by the contracting officer in a decision dated March 15, 2023 (R4, tab 1 at 4-7). The basis provided for the decision was that the contract was a FFP contract with no economic price adjustment clause (*id.* at 6 ). The contracting officer determined that Enfield as a FFP contractor had assumed the risk of material cost increases and had failed to identify any legal basis for entitlement (*id.*).

17. By letter dated June 12, 2023, transmitted via email to the Board the same day, Enfield appealed the contracting officer's decision (Bd. corr. ltr. dtd. June 14, 2023).

18. In the sole count of its complaint, Enfield pleads the government constructively changed the contract. In this regard the following allegations are set forth:

## COUNT I – CONSTRUCTIVE CHANGE

19. EEI repeats and realleges the allegations in paragraphs 1 through 11 above as though fully set forth herein.

20. The "Limited Notice to Proceed" issued by the Contracting Officer was not contemplated in the Contract.

21. The delayed issuance of the Notice to Proceed was a constructive change to the Contract.

22. As a result of the delayed issuance of the Notice to Proceed, EEI and its subcontractors experienced significantly higher material costs than existed at the time of award.

23. EEI is entitled to compensation in the amount of $452,108.31, as a result of the constructive change to the contract.

(Compl. at 3)

24. The government denied all the allegations set forth in paragraphs 13-16 of the complaint and incorporated its responses to paragraphs 1-11 by reference (answer at 5).

4

POSITIONS OF THE PARTIES

The government argues Enfield as a firm, fixed price contractor, in the absence of a price escalation clause bears the risk of any increase to its cost of performance, including increases to the cost of materials (gov't mot. at 6-8). Enfield argues it is not making a claim for price escalation, but instead is making a claim for damages for a constructive change based on a delay to the issuance of the Notice To Proceed (app. opp'n at 1-4).

DECISION

The standard of review for summary judgment is well established. We recently reiterated it in *The Haskell Co.*, ASBCA No. 63291, 24-1 BCA ¶ 38,537. We will grant summary judgment only if the moving party shows there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* at 187,332 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that may make a difference in the outcome of the case. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). "The moving party bears the burden of establishing the absence of any genuine issue of material fact and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment." *Id.* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987)).

Where the non-movant has the burden of proof on an element essential to its case, it must, to defeat the motion, make a showing sufficient to establish the existence of an issue of material fact as to that element. *Keystone Capital Servs.*, ASBCA No. 56565, 09-1 BCA ¶ 34,130 at 168,753 (citing *Celotex*, 477 U.S. at 322-323). To overcome a motion for summary judgment, the "party opposing the motion must point to an evidentiary conflict created on the record; mere denials or conclusory statements are insufficient." *Haskell*, 24-1 BCA ¶ 38,537 at 187,332 (quoting *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985); *see also Paragon Podiatry Laboratory v. KLM Laboratories, Inc*. 984 F. 2d 1182, 1190 (Fed. Cir. 1993) ("merely conclusory statements or completely insupportable, specious, or conflicting explanations or excuses will not suffice to raise a genuine issue of fact."). To defeat summary judgment, by suggesting conflicting facts, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *Liberty Lobby, Inc.*, 477 U.S. at 248). "Summary judgment is authorized when it is quite clear what the truth is." *Hodosh v. Block Drug Co.*, 786 F.2d 1136, 1141, (Fed. Cir. 1986) (citing *Sartor v. Ark. Natural Gas Corp.*, 321 U.S. 620, 627 (1944)).

In response to the motion, Enfield posed no specific objections to the government's statement of undisputed facts. In accordance with our rule 7(c)(2), we may accept a fact properly proposed and supported by one party as undisputed unless

the opposing party establishes it is in dispute. *See also Ferguson Propeller, Inc. v. United States*, 59 Fed. Cl. 51, 58 (2003) ("Having failed to specifically dispute the Defendant's Proposed Findings of Uncontroverted Facts, the court deems those facts admitted. . . .").

Nor do Enfield's claim and complaint create a genuine issue for trial. Although the complaint makes allegations consistent with its argument that its claim is not an escalation claim, but instead is a claim for constructive change (*see* compl.¶¶ 15, 160, these are merely conclusory statements not supported by any factual allegations in the complaint or in the record. This argument is primarily based on Enfield's assertion that the contract included no limited notice to proceed. Instead, the record establishes the contract included a limited notice to proceed provision. Enfield, as the non-movant has the burden to prove there is a genuine issue of fact regarding this element of its claim. It has failed to do so entirely. The conclusory and specious assertions that the contract did not provide for a limited notice to proceed fail to create any genuine issue of fact. Accordingly, summary judgment in favor of the government on the issue of constructive change (Count I) is appropriate.

Although Enfield now characterizes its complaint as being one for constructive change based on the "late" issuance of the second part of the Notice to Proceed, this argument is made fulsomely and out of whole cloth, without any reference to the record, for the first time in its opposition to the government's motion for summary judgment (*see* mot. opp. at 2-4). It thus lacks a factual basis. Moreover, we would be foreclosed from considering it because it is not in the claim. The claim submitted to the contracting officer only discusses escalation of material costs and makes no mention of constructive change due to a late notice to proceed. There is no evidence a constructive change claim has been submitted to the contracting officer for decision. Under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109, §7103 (a)(1), our jurisdiction is limited to claims that have been submitted to a contracting officer for review. *See also Lee's Ford Dock, Inc. v. Sec'y of the Army*, 865 F. 3d 1361, 1369 (Fed. Cir. 2017). We have held that we have no jurisdiction to consider claims first made in a complaint. *CCI, Inc.*, ASBCA No. 57316, 14-1 BCA ¶ 35,546 at 174,197; *Shaw Envtl., Inc.*, ASBCA No. 57237, 12-1 BCA ¶ 34,956 at 171,844.

Although we have considered claims not previously submitted to a contracting officer when they involve the same or related operative facts, but different legal theories from the submitted claim, we do not have these circumstances here. *Anthony & Gordon Constr. Co.*, ASBCA No. 61916, 21-1 BCA ¶ 37,887 at 184,000-01 (citing *Parwan Grp. Co.*, ASBCA No. 60657, 18-1 BCA ¶ 37,082 at 180,495; *Nova Grp., Inc.*, ASBCA No. 55408, 10-2 BCA ¶ 34,533 at 170,323; *Dawkins Gen. Contractors & Supply, Inc.*, ASBCA No. 48535, 03-2 BCA ¶ 32,305 at 159,844; amongst others). In this instance Enfield's newly explicated constructive change theory requires that we consider the circumstances surrounding the issuance of the notice to proceed to

6

determine whether the government unreasonably delayed issuing it (mot. opp. at 2-4). The material escalation claim submitted to the contracting officer is not dependent on whether the government was late in issuing the notice to proceed. Accordingly, the new version of the constructive change theory, would be considered a new claim that we would not have jurisdiction to consider.

CONCLUSION

For the reasons stated above, the government's motion is granted.

Dated: April 26, 2024

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63631, Appeal of Enfield Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated: April 30, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals